O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7051 AHM (AJWx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | ANTONIO P. POSA, *et al.* v. QUALITY LOAN SERVICE CORP., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Plaintiffs Antonio P. Posa and Luna C. Posa filed an action in state court against Defendants Quality Loan Service Corp., AMB LLC, Saxon Mortgage Services Inc., and Bank of New York Mellon. Defendants Saxon Mortgage Services Inc. and Bank of New York Mellon (collectively the "removing Defendants") filed a timely notice of removal on September 29, 2009, in which Defendant Quality Loan Service Corp. joined. However, the notice does not show the Court that Defendant AMB LLC has joined in the notice of removal. It also does not indicate whether Defendant AMB LLC has been served in the state court action.

Even in the absence of an objection, a federal court must determine its own jurisdiction. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Furthermore, the removal statute is strictly construed against removal and the burden of establishing jurisdiction rests on the party invoking the statute — here the removing Defendants. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Usually, all defendants in the state action must join in the notice of removal. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, —F.3d—, 2009 WL 3260535 at *11 (9th Cir. Oct. 9, 2009). However, the removal notice here is entirely silent as to whether Defendant AMB LLC consents to removal.

An exception to the general rule that all defendants must join in removal is when a defendant has not yet been served in the state court action. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Unserved defendants need not

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7051 AHM (AJWx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | ANTONIO P. POSA, *et al.* v. QUALITY LOAN SERVICE CORP., *et al.* | | |

join the notice of removal.  *Id.*

     Here, the removing Defendants have failed to show that Defendant AMB LLC has joined in removal or that he has not been served in the state action.  The removing Defendants (Saxon Mortgage Services Inc. and Bank of New York Mellon) are therefore ORDERED to SHOW CAUSE in writing by not later than October 30, 2009 at 10:00 a.m. why this case should not be remanded due the lack of consent by all named defendants.  Failure to respond on or before that date will be construed as consent to remand.

|  | : |
|---|---|
| Initials of Preparer | SMO |