O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7051 AHM (AJWx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | POSA, *et al.* v. QUALITY LOAN SERVICE CORP., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:             Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On August 24, 2009, attorneys Jonathan O. Sarte and Robert Yap of the law firm Legal Solutions Group, Inc. filed the Complaint in this case in the Superior Court of California for the County of Los Angeles on behalf of Plaintiffs Antonio P. Posa and Luna C. Posa. The Complaint alleges five causes of action against Defendants Quality Loan Service Corp. ("Quality"), AMB LLC ("AMB"), Saxon Mortgage Services Inc. ("Saxon"), and Bank of New York Mellon ("BONY") in connection with a foreclosure proceeding on Plaintiffs' residence. On September 29, 2009, the case was removed to this Court. On October 5, 2009, Defendants Saxon and BONY filed a motion to dismiss Plaintiffs' complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and a motion to expunge the *lis pendens* on the real property located at 12533 Montrose Street, El Monte, CA 91732. Plaintiffs filed no opposition to either motion. For the following reasons, the Court GRANTS Defendants' motion to dismiss[1] but DENIES without prejudice Defendants' motion to expunge the *lis pendens*.[2]

"The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. Moreover, the motion to dismiss appears on its face to be meritorious. Accordingly, the Court grants Defendants' motion to dismiss.

The Court grants plaintiffs leave to amend, conditional upon Plaintiffs' attorneys

---

[1] Docket No. 7.

[2] Docket No. 8.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7051 AHM (AJWx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | POSA, *et al.* v. QUALITY LOAN SERVICE CORP., *et al.* | | |

by not later than November 9, 2009 showing cause why they should be permitted to continue to represent Plaintiffs notwithstanding their failure to oppose these motions. The Court notes that on October 26, 2009 Jonathan O. Sarte and another attorney from his firm also failed to appear for a scheduling conference in another case in which they represent a client in a home foreclosure proceeding, *Llado v. New Century Mortgage Corp., et al.*, CV 09-4596. In that case, this Court has issued an order to show cause why Mr. Sarte and the other attorney should not be individually sanctioned in the amount of $200 for failure to appear and an order to show cause why the action should not be dismissed for lack of prosecution. CV 09-4596, Docket No. 11.

      The motion to expunge the *lis pendens*, however, is premature. The statutory *lis pendens* regime provides for expungement where the pleading "does not contain a real property claim," Cal. Code Civ. Proc. § 405.31, or where "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." *Id.* at § 405.32. The complaint does allege a real property claim for quiet title, and Plaintiffs has been granted conditional leave to amend. Therefore, the Court finds no grounds to expunge under § 405.31 at this time. As to § 405.32, this provision requires the Court to weigh the evidence presented in the case to determine if the Plaintiff has established probable validity of her claim. Section 405.32 contemplates the Court conducting a hearing on the factual merits of the claim. *See* 3 B.E. Witkin *et al.*, *California Procedure*, Ch. IV § 403 (5th ed. 2008). This case has not even moved past the pleading stage, and discovery has not yet begun. It would be improper to conduct a factual hearing as to the merits of the claim at the present time. As a result, the Court denies, without prejudice, Defendants' motion to expunge the *lis pendens*. If Plaintiffs' attorneys do not show cause why they should be permitted to continue to represent Plaintiffs by November 9, 2009, Defendants may renew their motion to expunge the *lis pendens* or condition its maintenance on Plaintiff's filing of an undertaking at that time.

      No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |